NGUYEN, Circuit Judge,
concurring in the result:
I agree with the plurality that Detrich is entitled to a remand under Martinez v. Ryan,—U.S.-, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). I write separately to explain why I disagree that Martinez modifies the prejudice showings required to establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and to overcome a procedural default under Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
There is understandable confusion over how to analyze “prejudice” in this case given that it involves distinct types of prejudice for which the Supreme Court has articulated separate tests. In evaluating the merits of whether trial or post-conviction counsel rendered constitutionally ineffective assistance, we follow the standard set forth in Strickland. This requires a convicted defendant to show both “that counsel’s performance was deficient” and “that the deficient performance prejudiced the defense.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The Strickland prejudice showing is met when “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052.
When the ineffective-assistance-of-counsel claim is procedurally defaulted, however, we do not necessarily reach its merits. First, the habeas petitioner must “demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.”[1] Coleman, 501 U.S. at 750, 111 S.Ct. 2546. With respect to “cause,” Coleman held that counsel’s ineffective assistance constitutes cause to overcome a procedural default but only where effective assistance is constitutionally required — i.e., not in post-conviction proceedings, where there is generally no right to an attorney. Id. at 754, 111 S.Ct. 2546. The prejudice prong requires the petitioner to establish “not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.” Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)) (internal quotation marks and ellipsis omitted). “A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.” Martinez, 132 S.Ct. at 1320.
The Supreme Court left no doubt that Coleman’s cause-and-prejudice standard applies “[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule.” Coleman, 501 U.S. at 750, 111 S.Ct. 2546 (emphasis added). Martinez does not address — let alone modify — the standard’s prejudice prong. See Martinez, 132 S.Ct. at 1321 (“[T]he Court of Appeals did not determine whether Martinez’s attorney in his first collateral proceeding was ineffective or whether his claim of ineffective assistance of trial counsel is substantial. And the court did not address the question *1261 of prejudice. These issues remain open for a decision on remand.”); see also Trevino v. Thaler,—U.S.-, 133 S.Ct. 1911, 1917, 185 L.Ed.2d 1044 (2013) (describing “the issue directly before the Court” in Martinez as “whether Martinez had shown ‘cause’ to excuse his state procedural failing”).
Rather, the Supreme Court created a “narrow exception” to “modify the unqualified statement in Coleman that an attorney’s ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default.” Martinez, 132 S.Ct. at 1315 (emphasis added). Post-conviction counsel’s ineffective assistance meets the cause prong where, among other things, the claim that post-conviction counsel should have raised but did not — i.e., that trial counsel rendered ineffective assistance — “is a substantial one, which is to say that ... the claim has some merit.” Id. at 1318. I agree with the plurality that this is, in a sense, a measure of prejudice, and that it is not a demanding standard. It weeds out a claim of ineffective assistance only if “it does not have any merit or ... is wholly -without factual support.” Id. at 1319.
I disagree with the plurality, however, that prejudice can be presumed. See Plurality op. at 1245 (“[A] prisoner need show only that his PCR counsel performed in a deficient manner.”). The plurality conflates the situation where a petitioner has no postconviction counsel with one where there was postconviction counsel but counsel was ineffective. See Plurality op. at 1245-46. But Strickland warns against presuming prejudice except where there is “[a]ctual or constructive denial of the assistance of counsel altogether,” “state interference with counsel’s assistance,” or “when counsel is burdened by an actual conflict of interest.” Strickland, 466 U.S. at 692, 104 S.Ct. 2052. In all other cases, a prejudice showing is necessary. Id. at 693, 104 S.Ct. 2052. Thus, a substantial Strickland claim normally entails a substantial showing of both deficient performance and prejudice.
I also disagree with the dissent to the extent it wrongly reads Martinez as modifying Coleman’s prejudice prong. See Dissent at 1265 (“Under Martinez, a court may excuse the procedural default of an IAC claim in cases like this one if the petitioner establishes both (1) cause, by showing either that no counsel was appointed in the initial-review collateral proceeding or that the appointed post-conviction counsel was ineffective under [Strickland]; and (2) prejudice, by showing that the underlying claim of trial counsel’s ineffectiveness is ‘substantial,’ meaning that it has ‘some merit.’ ”).
The reason Martinez imposes a substan-tiality requirement to show cause for the procedural default is straightforward. If the asserted claim of ineffective assistance by trial counsel is patently meritless, post-conviction counsel’s failure to raise it was reasonable and therefore not a ground to excuse the petitioner from bringing the claim before the state courts in a procedurally proper manner. Only if the claim is substantial and Martinez’s other cause requirements are met must the federal court perform Coleman’s more searching prejudice inquiry.
Although the Coleman and Strickland prejudice standards are articulated differently, precedents from this court and the Supreme Court suggest that they are one and the same. See, e.g., Robinson v. Ignacio, 360 F.3d 1044, 1054 (9th Cir.2004) (“When conducting a ‘prejudice’ analysis in the context of [overcoming a procedural default], this court applies the standard outlined in [Strickland ].”); see also Roe v. Flores-Ortega, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (“[W]e follow *1262 the pattern established in Strickland ... requiring a showing of actual prejudice (ie., that, but for counsel’s errors, the defendant might have prevailed).... ”).
Consequently, when the cause to excuse a procedural default is counsel’s constitutionally ineffective assistance, I agree with the dissent inasmuch as it would require the usual Strickland prejudice showing to overcome the procedural default, see Dissent at 1265 n.3, though not with its contention that a “substantial” Strickland claim is relevant to Coleman’s prejudice inquiry. It is important to distinguish between Martinez’s substantiality requirement, which focuses on whether the claim of error by trial counsel is substantial, and the Strickland/Coleman prejudice requirement in the Martinez context, which focuses on whether there is a reasonable probability that the result would have been different if post-conviction counsel had highlighted trial counsel’s deficient performance. There is, of course, considerable overlap between the two. Cf. Moormann v. Ryan, 628 F.3d 1102, 1106-07 (9th Cir.2010) (“[T]o determine whether appellate counsel’s failure to raise [ineffective-assistance-of-trial-counsel] claims was objectively unreasonable and prejudicial, we must first assess the merits of the underlying claims that trial counsel provided constitutionally deficient representation.”).
While I agree in certain respects with the dissent’s view on how the Martinez analysis should proceed, ultimately I agree with the plurality and Judge Watford that the district court is best situated to apply Martinez in the first instance.

. Coleman also recognizes a second way to overcome a procedural default without showing cause and prejudice — by ”demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice.” 501 U.S. at 750, 111 S.Ct. 2546. The fundamental-miscarriage-of-justice exception is not at issue here.